UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

JAMES HENRY CALL                        Case No. 13-30686-KRH
TERRIE MACE CALL,                     (Chapter 13)

      Debtors,


CITIFINANCIAL, INC. D/B/A             Ref. Dkt. #58
CITIFINANCIAL, INC. (WV),

      Movant,

vs.

JAMES HENRY CALL
TERRIE MACE CALL and
SUZANNE E. WADE, Trustee.

      Respondents,


## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was settled prior to the scheduled July 1, 2015 hearing on the motion for relief from the automatic stay filed by CitiFinancial, Inc. D/B/A CitiFinancial, Inc. ("Movant") with respect to the real property located at 10803 Timberun Road, Chesterfield, VA 23832 and more particularly described as follows:

Kathryn E. Smits, Bar #77337
ksmits@atlanticlawgrp.com
Aaron Jordan, Bar #70144
ajordan@atlanticlawgrp.com
Atlantic Law Group, LLC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

```
ALL THAT CERTAIN PARCEL OF LAND IN, CHESTERFIELD COUNTY,COMMONWEALTH
OF VA,AS MORE FULLY DESCRIBED IN BOOK 1811 PAGE 1294
              ,BEING KNOWN AND DESIGNATED AS LOT 35,BLOCK M,
SECTION 6 GREAT OAKS SUBDIVISIONFIELD IN PLAT BOOK 48,PAGE 66,
DATED 12/18/1984.

BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY DEED FROM SOUTH OAK
CONSTRUCTION CO.,INC TO JAMES H.CALL AND TERRIE M. CALL HUSBAND AND
WIFE TENANCY BY ENTIRETY,DATED 10/31/1986 RECORDED ON 11/05/1986 IN
BOOK 1294 IN CHESTERFIELD COUNTY RECORDS,COMMONWEALTH OF VA.
```

which has the address of   10803 TIMBERUN ROAD   , CHESTERFIELD
Virginia  23832        (herein "Property Address");

Upon consideration of which, it is

**ORDERED:**

1.   The debtors will resume making regular monthly installment payments in the amount of $1,350.38, directly to CitiFinancial Servicing LLC, PO Box 70918, Charlotte, NC 28272, as they become due commencing on July 1, 2015, subject to adjustment as due under the Note.

2.   The debtors will cure the post-petition arrearage currently due to the movant for November, 2013 through June, 2015 in the total amount of $28,033.60, through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Plan will be filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so. Movant will amend their Proof of Claim to include the post-petition arrearage. The post-petition arrearage includes twenty (20) post-petition payments in the amount of $1,350.38 each for the months of November, 2013 through

June, 2015 and attorneys' fees and costs in the amount of $1,026.00 for the filing of the Motion for Relief from Stay.

3.  In the event that the Modified Chapter 13 Plan is not filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay or if any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtors' counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtors. The notice of default will state in simple and plain language:

    a. That the debtors failed to file a modified Chapter 13 Plan consistent with the terms above, and/or that the debtors are in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtors or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the court stating that no default exists; or
        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtors; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtors nor the trustee have taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtors or trustee file an objection, the movant must set the matter for hearing and give notice of the hearing to the debtors, debtors' counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

_____, Virginia
_____, 20\_\_\_\_\_

**Aug 15 2015**

/s/ Kevin R. Huennekens
Kevin R. Huennekens
U.S. Bankruptcy Court Judge

Entered on Docket: Aug 17 2015

WE ASK FOR THIS:

\_\_\_/s/ Kathryn E. Smits_____
Kathryn E. Smits, Bar #77337
Aaron Jordan, Bar #70144
Attorneys for Movant
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
703 777-7101 telephone
703 940-9119 facsimile
ksmits@atlanticlawgrp.com
ajordan@atlanticlawgrp.com

SEEN AND AGREED:

\_\_/s/ Christian D. DeGuzman_____
Richard James Oulton, Esquire
Christian D. DeGuzman, Esquire
America Law Group, Inc.
8501 Mayland Dr.
Suite 106
Henrico, VA 23294
Attorneys for the Debtors
Re: Case No. 13-30686-KRH

SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:


___/s/ Suzanne E. Wade_____
Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780
Re: Case No. 13-30686-KRH

## **CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

___/s/ Kathryn E. Smits_____
Kathryn E. Smits, Esquire
Aaron Jordan, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn E. Smits, Esquire
Aaron Jordan, Esquire
Atlantic Law Group, LLC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

James Henry Call
Terrie Mace Call
10803 Timber Run Road
Chesterfield, VA 23832
Debtor

Richard James Oulton, Esquire
America Law Group, Inc.
8501 Mayland Dr.
Suite 106
Henrico, VA 23294
Attorney for the Debtors

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780

United States Bankruptcy Court
Eastern District of Virginia

In re:                                                       Case No. 13-30686-KRH
James Henry Call                                             Chapter 13
Terrie Mace Call
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0422-7        User: bullockn         Page 1 of 1             Date Rcvd: Aug 17, 2015
                            Form ID: pdford1       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 19, 2015.
db/jdb         +James Henry Call,   Terrie Mace Call,   10803 Timber Run Road,   Chesterfield, VA 23832-7060

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2015                            Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 17, 2015 at the address(es) listed below:
      Kathryn E. Smits    on behalf of Creditor   CitiFinancial, Inc. D/B/A CitiFinancial, Inc.
       ksmits@atlanticlawgrp.com
      Richard James Oulton    on behalf of Plaintiff Terrie Mace Call 2debtlawgroup@gmail.com,
       thedebtlawgroupmail@gmail.com;DLGHearings@gmail.com;scgattorney@gmail.com
      Richard James Oulton    on behalf of Debtor James Henry Call 2debtlawgroup@gmail.com,
       thedebtlawgroupmail@gmail.com;DLGHearings@gmail.com;scgattorney@gmail.com
      Richard James Oulton    on behalf of Plaintiff James Henry Call 2debtlawgroup@gmail.com,
       thedebtlawgroupmail@gmail.com;DLGHearings@gmail.com;scgattorney@gmail.com
      Richard James Oulton    on behalf of Joint Debtor Terrie Mace Call 2debtlawgroup@gmail.com,
       thedebtlawgroupmail@gmail.com;DLGHearings@gmail.com;scgattorney@gmail.com
      Sara A. John    on behalf of Creditor    Santander Consumer USA Inc., servicer for CitiFinancial
       Auto sara_john@eppspc.com
      Suzanne E. Wade    station08@ricva.net,   ecfsummary@ricva.net
                                                                                                                                                                               TOTAL: 7